UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEON AND PAULA MONES                          CIVIL ACTION

VERSUS                                        NO. 06-8178

STATE FARM INSURANCE                          SECTION "C"
COMPANY AND EDWARD
SCHAUMBURG

## ORDER

The Court previously ordered briefing on whether the jurisdiction amount

existed at the time of removal (Rec. Doc. 3). The parties may neither consent to nor

waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th

Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court

of jurisdiction. *Associacion Nacional De Pescadores A Pequena Escala O Artesanales De*

*Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert.*

*denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they

should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta*

*Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the

removing party must prove by a preponderance of the evidence that the jurisdictional

minimum exists. *Id.*   This showing may be made by either: (1) demonstrating that it is

facially apparent that the claims are likely above the jurisdictional minimum; or (2)

setting forth the facts in controversy that support a finding of the jurisdictional

minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to

allege with sufficient particularity the facts creating jurisdiction, in view of the nature of

the right asserted, and, if appropriately challenged, or if inquiry be made by the court of

its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.,*

303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.,* 298 U.S. 178, 182-

189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied,*

459 U.S. 1107 (1983).

### Jurisdictional Amount

In response to the Court's order (Rec. Doc. 3), the defendant filed a memorandum

that attempted to show that the jurisdictional minimum was met (Rec. Doc. 5).  The

plaintiffs, in the state court petition, stipulated that their damages would be less than

$50,000. Petition, ¶ 11.  However, the defendant argues that this stipulation is not binding

and that the actual amount in controversy, when combined with attorneys' fees and

penalties, is in excess of $75,000 on its face.  The defendant notes that the plaintiffs' policy

limits are $127,500 and that the plaintiffs demand all damages allowed under Louisiana

law pursuant to the homeowner's policy, including penalties and attorneys' fees.

Because Louisiana plaintiffs are not limited to recovery of the damages requested

in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. *Davis v. State Farm, et al.* (2:06-cv-00560) (J. Vance); La. Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 *3 (E.D. La. 2003). However, post-removal affidavits or stipulations may be considered only in limited circumstances, and only to determine the amount in controversy as of the date of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores*, 988 F.2d at 565 ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper). Furthermore, when the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Davis v. State Farm, et al.* (2:06-cv-00560) (J. Vance).

Plaintiffs originally included a non-binding stipulation that the amount of damages was less than $50,000 in their state court petition. However, after removal, plaintiffs filed a Motion to Remand and an Irrevocable Stipulation of Damages ("Irrevocable Stipulation"). The Irrevocable Stipulation acknowledged that "the maximum damages sought for general damages, special damages, penalties and/or attorney fees, exclusive of interests an[sic] costs of court, is SEVENTY FIVE THOUSAND AND NO/100 ($75,000.00). Plaintiffs hereby renounce any portion of any judgment

3

which may be rendered in their favor against State Farm Insurance Company over the

aforesaid figure of $75,000.00" (Rec. Doc. 4, Exhibit "A").  However, Plaintiffs later filed a

Memorandum on Jurisdictional Amount (Rec. Doc. 6), contradicting their earlier

statement that the amount in controversy was less than $75,000.  In the Memorandum on

Jurisdictional Amount, Plaintiffs state that they "cannot stipulate that their damages will

be less than $75,000."

It appears that the Plaintiffs are unsure as to the actual amount in controversy.

However, based on the claims made in the petition, which include claims for penalties

and attorneys' fees, as well as the Plaintiffs' insurance policy limits, the amount in

controversy appears to be greater than $75,000.  Therefore, the jurisdictional amount has

been met.

### Improper Joinder

When a nondiverse party is properly joined as a defendant, a defendant may not

remove under section 1332.  However, a defendant may remove by showing that the

nondiverse party was improperly joined.  *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222

(5th Cir. 2003).  Because the doctrine is a narrow exception to the rule of complete

diversity, the burden of demonstrating improper joinder is a heavy one.  *Id.*  Improper

joinder may be established by showing:  (1) actual fraud in pleading jurisdictional facts;

or (2) the inability of the plaintiff to establish a cause of action against the nondiverse

defendant.  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).  The Court must

determine whether there is a reasonable basis for predicting that state law might impose

liability on the nondiverse defendant, and there must be a reasonable possibility of

recovery, not merely a theoretical one. *Id*. The Court must take into account all

unchallenged factual allegations in a light most favorable to the plaintiff, and must

resolve all ambiguities of state law in favor of the nonremoving party. *Travis v. Irby*, 326

F.3d 644, 649 (5th Cir. 2003).

Under Louisiana law, an insurance agent has a duty to use reasonable diligence in

placing the insurance requested, to advise regarding recommended coverage and gaps in

coverage, and to promptly notify the client if it fails to obtain the requested insurance.

*Whitehead v. State Farm Ins. Co.*, 2006 WL 3747520, *2 (E.D. La. December 15, 2006) (J.

Berrigan) (*citing Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728 (La. 1973).

However, no case imposes a duty on an agent to "identify a client's needs and advise him

whether he is under-insured or carries the correct type of coverage." *Id*. *See also Bilbe v.*

*Belsom*, 2006 WL 3388482 (E.D. La.) (J. Barbier); *Dobson v. Allstate Ins. Co.*, 2006 WL

2078423 (E.D. La.) (J. Vance).

In their petition, Plaintiffs allege that defendant Edward Schaumburg issued a

homeowner's policy on Plaintiffs' home and, as an agent, advised and recommended

various policies, limits, and deductibles upon their purchasing insurance. Petition, ¶ 3.

Plaintiffs claim that Schaumburg failed to properly and adequately advise of applicable

exclusions to their policy. Petition, ¶ 7. The petition makes no other claims or allegations

against Schaumburg, and Plaintiffs do not allege that they requested a specific type or amount of coverage that Schaumburg failed to provide.  As in *Whitehead*, *supra*, an agent has no duty to identify an individual's insurance needs, and therefore Plaintiffs did not state a claim against Schaumburg.  Since no claim against the insurance agent can sound in Louisiana law, the insurance agent was improperly joined and the joinder may not defeat diversity jurisdiction.

Based on the record and the law, the Court finds that the defendant has established subject matter jurisdiction. The Court is satisfied that the matter in controversy clearly exceeds the $75,000.00 federal jurisdictional threshold and that the parties are diverse.

New Orleans, Louisiana, this 8th  day of March, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE